IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
No. 4:13-CV-199-F

| | | |
|---|---|---|
| SHERMAN D. GOODWIN, | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant., | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTOINETTE MAGEE COCKRELL, and JUDY I. SULLIVAN, Co-Executrix of the Estate of ARTHUR E. COCKRELL, | ) ) ) | |
| Defendants and Counterclaimants. | ) | |

This matter is before the court on the Motion for Partial Summary Judgment [DE-33] filed by Plaintiff and Counterclaim Defendant Sherman D. Goodwin. Defendants and Counterclaimants Antoinette Magee Cockrell and Judy I. Sullivan, Co-Executrix of the Estate of Arthur E. Cockrell (collectively, "the Estate") have responded, and Goodwin has replied. This matter is therefore ripe for disposition. For the reasons more fully set forth below, the motion is DENIED.

## I. RELEVANT BACKGROUND

Goodwin initiated this admiralty action by filing the Complaint [DE-1] on August 27, 2013, seeking personal injury damages he alleges resulted from a September 4, 2010, collision between the motor vessel CARTERET, piloted by Goodwin, and the motor yacht TONI SEA, operated by the Estate's testate, Cockrell. At the time of the collision, Goodwin was employed by the State of North Carolina as the master of the CARTERET, and was piloting the car ferry as part of the state's ferry system.

The Estate timely filed its Answer, Affirmative Defenses and Counterclaim [DE-9], and

specifically asserts the Counterclaim against Goodwin in his individual capacity. The Estate also filed a Third-Party Complaint against the State of North Carolina–Department of Transportation [DE-10], but later filed a Notice of Dismissal of Third Party Complaint [DE-21] pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Goodwin thereafter moved for partial summary judgment on the Counterclaim asserted against him, claiming the protection of Eleventh Amendment immunity. After the Estate had responded thereto, and on the same day Goodwin filed his Reply in support of his motion, Thomas Henry Moore, an Assistant Attorney General in the Transportation Section of the North Carolina Department of Justice, entered "a limited Notice of Appearance for Sherman D. Goodwin on the Counterclaim asserted against Mr. Goodwin to the extent that the Counterclaim is a *de facto* claim against Mr. Goodwin in his official capacity as a State of North Carolina employee." Notice of Appearance [DE-36].

## II. STANDARD OF REVIEW

At summary judgment, the court must examine the evidence presented by both parties and determine if there is a need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 283 (4th Cir. 2013). The court examines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Where the moving party shows that the evidence is so one-sided that it should prevail as a matter of law, the burden shifts to the nonmoving party to come forward with affidavits, depositions, answers to interrogatories, or other evidence demonstrating that there is a genuine issue of material fact that

2

requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986); *Matsushita*, 475 U.S. at 587; *Pension Benefit Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005). An issue of fact is genuine if a reasonable jury could find for the nonmoving party. *Liberty Lobby*, 477 U.S. at 248. A fact is material if proof of the fact might affect the outcome of the case under the substantive law. *Id.* The facts should be viewed in the light most favorable to the nonmoving party and all reasonable inferences should be made in favor of the nonmoving party. *Id.* at 255; *Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

### III. DISCUSSION

Goodwin argues that because the collision between the CARTERET and the TONI SEA occurred during the scope and course of his employment with the State of North Carolina, Department of Transportation, Ferry Division, any claim against him—whether in his individual capacity or official capacity—is barred by the Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although by its terms the Eleventh Amendment applies only to suits brought against a state by "Citizens of another State," it is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment precludes private individuals from suing States and their agencies in federal court, unless Congress has abrogated the State's immunity or the State itself has waived immunity or otherwise consented to suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The immunity afforded

3

by the Eleventh Amendment also extends to suits for monetary damages brought against a State official in his official capacity because such a suit "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). In contrast, the Eleventh Amendment does not preclude suits for damages against State officers or employees who are sued in their individual capacities, because the plaintiff is seeking damages from individuals rather than from the State treasury. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).

Notwithstanding this general rule, Goodwin argues that the negligence claim asserted against him is barred by the Eleventh Amendment because the State may be obligated to pay any damages awarded against him. He notes that under North Carolina law, "the State may provide for the defense of any civil or criminal action brought against [any employee or former employee] in his official or individual capacity, or both, on account of an act done or omission made in the scope and course of his employment as a State employee." N.C. Gen. Stat. § 143-300.3. If the State decides to provide for the defense of an employee or former employee, it has the responsibility to pay the judgment or settlement up to the amount payable for one claim under Tort Claims Act. *See* § 143-300.6. Because an Assistant Attorney General has entered a notice of appearance on Goodwin's behalf, Goodwin asserts that any damages against him will be paid by the State of North Carolina. According to Goodwin, this means the counterclaim against him must be viewed as against North Carolina itself. *See* Mem. in Support of Partial Mot. for Summ. J. [DE-33-1] at 6-7.

Unfortunately for Goodwin, the majority of circuits to have considered this argument have rejected it, including the Fourth Circuit Court of Appeals. In *Sales v. Grant,* 224 F.3d 293 (4th Cir. 2000), state employees who were sued in their individual capacity argued they were entitled to Eleventh Amendment immunity, because any monetary judgment against them would be paid out

4

of a state-funded insurance plan. *Id.* at 297. The Fourth Circuit rejected this argument, stating that a "'state cannot manufacture immunity for its employees simply by volunteering to indemnify them. . . . [A ] state's decision to indemnify its employees does not transform a suit against individual defendants into a suit against a sovereign.'" *Id.* (quoting *Benning v. Bd. of Regency Univs.*, 928 F.2d 775, 778-79 (7th Cir. 1991)). A contrary conclusion amounts to the idea "that a state may convert any or all individual capacity suits, to which the protections of sovereign immunity would otherwise be inapplicable, into official capacity suits, with all the attendant protections of the Eleventh Amendment by announcing (via statute or otherwise) that will indemnify governmental officers sued in their individual capacities . . . ." *Id.* In rejecting this idea, the Fourth Circuit is not alone. *See Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001) ("The fact that the state chooses to indemnify its employees who are sued in federal court is irrelevant . . . because it is the voluntary choice of the state, not a cost forced on it by the federal-court suit."); *Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615. 627 (8th Cir. 2001) (noting that "state statutes that indemnify individuals from the consequences of carrying out their duties do not alone make the state the real party in interest"); *Jackson v. Georgia Dept. of Transp.*, 16 F.3d 1573, 1577 (11th Cir. 1994) ("We conclude that the existence of a voluntarily established liability trust fund does not make the state the real party in interest in this action, and that the trust does not extend the state's Eleventh Amendment immunity to its employees sued in their individual capacity."); *Farid v. Smith*, 850 F.2d 917, 923 (2d Cir. 1988) ("[T]he law is clear that a state's voluntary decision to indemnify its public servants does not transform a personal-capacity against a state official into an official-capacity action against the state."); *Griess v. Colorado*, 841 F.2d 1042, 1045-46 (10th Cir. 1988) (per curiam) (determining that a indemnification provision in a state statute could not "be invoked as a basis for cloaking individual

5

officers with the state's absolute immunity under the Eleventh Amendment").

*Sales* is binding on this court. The Estate's Counterclaim is asserted against Goodwin in his individual capacity.[1] Under *Sales*, the fact that any monetary judgment against Goodwin may be paid by the State does not serve to transform the Counterclaim against him into one against North Carolina. Accordingly, Goodwin's Partial Motion for Summary Judgment on the basis of Eleventh Amendment immunity is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Goodwin's Motion for Partial Summary Judgment [DE-33] is DENIED. The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED.

This the 6 day of October, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

[1] The Notice of Appearance is a limited one; Thomas Moore states that he is entering a Notice of Appearance "to the extent that the Counterclaim is a *de facto* claim against Mr. Goodwin in his official capacity as a State of North Carolina employee." Notice of Appearance [DE-36]. The Estate has explicitly asserted the Counterclaim against Goodwin in *individual* capacity. Goodwin does not argue that this court should consider the claim to be asserted against him in his *official* capacity.