IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
No. 4:13-CV-199-F

| | |
|---|---|
| SHERMAN D. GOODWIN, )<br>)<br>Plaintiff and )<br>Counterclaim<br>Defendant., )<br>)<br>v. )<br>)<br>ANTOINETTE MAGEE COCKRELL, )<br>and JUDY I. SULLIVAN, Co-Executrix of )<br>the Estate of ARTHUR E. COCKRELL, )<br>Defendants and )<br>Counterclaimants. | **ORDER** |

This matter is before the court on the Defendants' Motion to Quash the Notice to Take Deposition of Ashraf Guirgues, M.D. [DE-45]. Plaintiff has replied, and this matter is ripe for ruling.

This admiralty action is set for a bench trial on the undersigned's November 3, 2014, term of court. According to the parties, on September 12, 2014, Plaintiff notified Defendants of his intention to take the *de bene esse* deposition of Ashraf Guirgues, M.D., on September 30, 2014, at Dr. Guirgues' office at 3714 Guardian Avenue in Morehead City. When Defendants inquired as to the need for the deposition, Plaintiff advised that Dr. Guirgues' availability for trial was unknown, and he was located more than 100 miles from the court and therefore was beyond the subpoena power of the court. On September 16, 2014, Plaintiff issued a notice [DE-45-3] to take the *de bene esse* deposition of Dr. Guirgues.

On September 19, 2014, Defendants filed the instant motion, arguing that the distance between Dr. Guirgues' office and the court is less than 100 miles, and therefore his deposition could not be used at the bench trial in this matter under Rule 32(a)(4). Defendants proffer distance

calculations from both Mapquest and Google Maps. *See* Motion to Quash, Exs. 1 and 2 [DE-45-1; DE-45-2]. In response, Plaintiff argues that *his* calculation of distance between Dr. Guirgues' office and this court, also using Mapquest and Google Maps, is more than 100 miles. *See* Response [DE-51] at 5 n.1, Exs. 1 and 2 [DE-51-1; DE-51-2].

The court construes Defendants' motion to quash as a motion for protective order. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 24 (D.D.C. 2005) (construing a party's motion to quash subpoena served on third parties as a motion for protective order). Presumably, the basis of Defendants' motion is that they should not have to take part in the *de bene esse* deposition of Dr. Guirgues where he is not "unavailable" within the meaning of Federal Rule of Civil Procedure 32(a)(4)(B). That rule provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B).

In this case, the court finds that Plaintiff has not shown that Dr. Guirgues is "unavailable" within the meaning of Rule 32(a)(4)(B). Although Plaintiff presented an alternate route between Dr. Guirgues' office and the Alton Lennon Federal Building that measures greater than 100 miles, this cannot suffice to meet the showing where there is a more direct route that is less than 100 miles. Where Plaintiff has proffered no other reason or evidence that shows that Dr. Guirgues is unavailable to testify trial, Defendants' request for relief is ALLOWED, and the court orders that the notice of deposition is quashed. The court declines, however, to award Defendants any fees or expenses

2

associated with filing the motion to quash.[1]

SO ORDERED.

This the 16 day of October, 2014.

James C. Fox
Senior United States District Judge

---

[1] The court also strongly encourages the parties to work together as the bench trial in this matter approaches. The court notes that historically, if the parties have agreed to present a witness' testimony via deposition in a bench trial, the court has endeavored to accommodate the parties' request.

3