IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
No. 4:13-CV-199-F

| | | |
|---|---|---|
| SHERMAN D. GOODWIN, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTOINETTE MAGEE COCKRELL, | ) | |
| and JUDY I. SULLIVAN, Co-Executrix of | ) | |
| the Estate of ARTHUR E. COCKRELL, | ) | |
| Defendants and | ) | |
| Counterclaimants. | ) | |

In an order filed on November 21, 2014 [DE-98], the court allowed Plaintiff Sherman D. Goodwin's motion to continue [DE-97] the reconvening of the bench trial in this matter to the term of court commencing on February 17, 2015. The court stated that it was reserving ruling on (1) Defendants' Motion to Strike the New Report of Ann T. Neulicht, Ph.D. and to Preclude Dr. Neulicht from testifying at trial [DE-91], (b) Plaintiff's Second Motion to Amend Pretrial Order Based on Newly Discovered Evidence [DE-93], and (c) Defendants' Motion to Strike Certain Portions of Sherman Goodwin's Trial Testimony [DE-96] so the parties could complete their briefing. With the briefing now being complete, these motions are ripe for ruling. Additionally, since the November 21, 2014, order, Defendants also filed a Motion for Costs Associated with the Continuance of Trial [DE-102] and Motion for Extension of Time to Complete Discovery [DE-107]. Both of these motions also are ripe for ruling.

## I. DISCUSSION

### A. Motion to Strike Dr. Neulicht's Report and Preclude Her From Testifying

As the court observed in its November 21, 2014, order, Defendants have moved to strike what they characterize as a new report they received from Dr. Neulicht, one of Plaintiff's designated opinion witnesses in this case.

Magistrate Judge Jones issued the Scheduling Order [DE-25] in this case, which provided that reports from retained opinion witnesses were due from Plaintiff on or by April 7, 2014, and from Defendants on or by May 5, 2014. The Scheduling Order also specifically provided that "[s]upplementation under Rule 26(e) must be made promptly after receipt of the information by the party or counsel, but in no event later than the close of discovery." Scheduling Order [DE-25] at 2.

Dr. Neulicht prepared her report on April 4, 2014, and Plaintiff provided Defendants with a copy of that report on April 7, 2014, in accordance with Rule 26(a)(2) and the Scheduling Order. Defendants took Dr. Neulicht's deposition on June 13, 2014, and later, on September 22, 2014, moved to exclude her testimony from this trial. As the court already has recounted, Plaintiff filed an affidavit by Dr. Neulicht in response to that motion in limine, but did not supplement her April 4, 2014, report. Defendants' motion in limine was denied in open court on November 7, 2014.

Defendants assert that on the afternoon of November 10, 2014, Plaintiff sought to supplement Dr. Neulicht's April 4 Report via an email from Plaintiff's counsel [DE-91-1]. Attached to the email was a letter from Dr. Neulicht, dated October 30, 2014, to Plaintiff's counsel, stating that she was "writing to provide an update on the above captioned file." Mot. to

2

Strike, Ex. B [DE-91-2]. Therein, Dr. Neulicht listed additional records she reviewed since issuing the April 4, 2014, Report, as well as additional interviews she conducted. Notably, all the additional interviews and reviews occurred after Defendants moved to exclude her testimony.

Rule 26(a)(2) governs the disclosure of expert, or as this court refers to it, opinion witness testimony. The rule provides that a party's disclosures regarding an expert witness must include a report, which in turn must contain, among other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them . . . ." Fed. R. Civ. P. 26(a)(2)(B). Indeed, the Advisory Committee's Note to the 1993 amendments to Rule 26 state that the report must indicate "the testimony the witness is expected to give during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments. Additionally, Rule 26(a)(2)(E) requires the parties to supplement these disclosures "when required under Rule 26(e)." That rule, in turn, provides:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2). Here, however, the Scheduling Order set forth deadlines for both the disclosure of expert reports and for any supplementation of those reports. Accordingly, the court's inquiry into whether there have been any violations is governed by Rule 16(f).

Additionally, if the court finds any violations, the question of what sanctions, if any, are appropriate also is governed by Rule 16(f). *See* Fed. R. Civ. P. 16(f)(1)(C) (providing for sanctions when a party "fails to obey a scheduling or other pretrial order"); *see also Severn*

3

*Peanut Co. v. Industrial Fumigant Co.*, No. 2:11-CV-14-BO, 2014 WL 198217, at *2 (E.D.N.C. Jan. 15, 2014); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002). Under this rule, the court may issue "any just order," including one imposing sanctions provided for Rule 37(b)(2)(A)(ii)-(vii). Those sanctions are as follows:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). "The primary focus of the Rule 16(f) analysis is 'whether [the disobedient party] has shown good cause for its failure to timely disclose." *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 5592808, at *4 (E.D.N.C. Oct. 10, 2013) (quoting *Akeva*, 212 F.R.D. at 309). "If the court finds such violation without good cause, it has 'broad discretion in employing sanctions.'" *Id.* (quoting *Akeva*, 212 F.R.D. at 311). In determining what sanctions are appropriate, the court may consider:

> (1) the explanation for the failure to obey the order; (2) the importance of the testimony; (3) the prejudice to the opposing party by allowing the disclosures; (4) the availability of alternative or lesser sanctions; (5) the interest in the expeditious resolution of the litigation; (6) a court's need to manage its docket; and (7) public policy favoring disposition of cases on the merits.

*Id.*[1]

In the November 21, 2014, Order, this court stated:

> At the outset, the court agrees with Defendants that Dr. Neulicht's October 30, 2014, letter [DE-91-2] cannot constitute supplementation within the meaning of the Federal Rules. Supplementation under Rule 26 allows a party to correct inadvertent mistakes or omissions in an expert report. "It does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation." *Id.* Here, Dr. Neulicht's letter can only charitably be interpreted as an attempt to bolster her original report. In fact, it appears to constitute an entirely new report, which relies on new information–much of which appears to have been obtained only after Defendants filed the motion in limine to exclude her testimony. This cannot be construed as an inadvertent mistake or omission in her original report. Instead, it can only be construed as a very untimely disclosure coming after trial had commenced in this action.

November 21, 2014, Order [DE-98] at 11. The court noted that Plaintiff had not, at that time, had the opportunity to respond to Defendant's motion, but observed that it seemed "highly unlikely that Plaintiff will be able to (1) show good cause for the untimely disclosure of Dr. Neulicht's new report, or (2) proffer a satisfactory explanation for his failure to obey the Scheduling Order." *Id.* at 12.

Plaintiff has now had the opportunity to respond, and the court finds that its suspicions were correct: Plaintiff has not shown good cause for the untimely disclosure of the new report or proffered a satisfactory explanation for his failure to obey the Scheduling Order. Specifically, Plaintiff's

---

[1] Some courts within the Fourth Circuit have determined that the five factors for determining whether evidence should be excluded under Rule 37(c)(1), as articulated in *Southern States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), should also be used in a Rule 16(f) analysis. *See, e.g., East West LLC v. Rahman*, No. 1:11-CV-1380, 2012 WL 4105129, at *6 (E.D.Va. Sept. 17, 2012). The *Southern States* factors include "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." 318 F.3d at 597. The factors are inherently similar to those this court considers under Rule 16(f).

5

explanation for the untimely disclosure of Dr. Neulicht's report is that (1) his treating physician, Dr. Guirges, would not respond to Dr. Neulicht's requests, and so once his deposition testimony and treating records were available after his *de bene esse* deposition on September 30, 2014, she reviewed them; and (2) Plaintiff was involved in an adversarial proceeding in the Superior Court Division of Carteret County with the NCDOT, which made "obtaining any information from the Ferry Division or its employees difficult or impossible." Response [DE-100] at 6-7.

The court does not find that the latter explanation—the fact that Plaintiff sought a declaratory judgment that the State provide him with a defense against Defendants' counter-claims—to be satisfactory. As Defendants note, that litigation concluded and the State entered its notice of appearance on August 4, 2014. There is no explanation from Plaintiff as to why it took Dr. Neulicht at least a month from that date to contact other ferry workers or over two months to do an on-site visit of the Ferry.

Nor is the former explanation—the unwillingness of Plaintiff's treating physician to respond to Dr. Neulicht's requests—satisfactory. Even if the court credits the explanation that Plaintiff apparently could not persuade his treating physician to cooperate with his opinion witness, it does not answer why Plaintiff previously failed to move for an extension of time to complete discovery with the same explanation. Moreover, Dr. Neulicht's updated report is dated October 30, 2014. Plaintiff does not state *when* his counsel received her updated report, but it is highly likely that Plaintiff's counsel had this report during the hearing and start of the trial on November 7, 2014, and did not apprise the court or opposing counsel of its existence.

Under these circumstances, the court cannot find that Plaintiff has made a showing of good cause for his failure to comply with the Scheduling Order in this case. The court will not, however,

6

strike the entirety of Dr. Neulicht's testimony, as urged by Defendants. Rather, Dr. Neulicht will be precluded from testifying to the matters contained in and relied upon in her October 30, 2014 report.

Additionally, court finds that Defendants are entitled to the reasonable expenses, including attorney's fees, they incurred in filing the motion to strike [DE-91]. Defendants shall file an affidavit, within 21 days of this order, setting out the expenses it incurred in filing the motion to strike [DE-91]. Any such affidavit must demonstrate and/or be accompanied by appropriate evidence showing:

(1) why its requested fees are reasonable for the time and labor expended;

(2) the customary fee for similar work in the Eastern District of North Carolina; and

(3) the experience and ability of the attorney or attorneys rendering such services.

Plaintiff may file a response within 14 days of Defendants' filing of the affidavits.

## B. Second Motion to Amend Pretrial Order

As the court has recounted, the court has allowed Plaintiff's Motion to Amend Pretrial Order Based on Newly Discovered Evidence [DE-80] and denied Defendants' Motion in Limine to Exclude the Testimony and Affidavit of Luther Terry Yeomans [DE-82]. As part of that ruling, the court reopened discovery so that Defendants could depose Mr. Yeomans.

The parties indicate that Yeomans was deposed on November 14, 2014, and during his deposition he testified about a written statement he had provided to the North Carolina Department of Transportation ("NCDOT") in the wake of the accident. The September 7, 2010, Yeomans statement was produced on November 17, 2014 in response to a discovery request issued by Defendants. Plaintiff now moves to amend the pretrial order to include the September 7, 2010 Yeomans statement. Defendants have opposed the motion, arguing that Plaintiff should not benefit from discovery he did not request, and that the statement constitutes inadmissible

7

hearsay.

With regard to Defendants' former argument, the record indicates that Plaintiff did make efforts to discover the statement, and the court will not deny the motion based solely on the fact that Defendants were the ones who were ultimately successful in obtaining the statement. With regard to the latter argument, the court previously has stated that it is more efficient to rule on any objection to an exhibit at the time the exhibit is introduced into evidence, and the statement remains true for this exhibit. Accordingly, applying Rule 16(e), which provides that a court may modify the order issued after a final pretrial conference "only to prevent manifest injustice," the court finds that Plaintiff's motion to amend [DE-93] must be ALLOWED. The court does not find any bad faith on the part of Plaintiff, no *undue* prejudice to Defendants, and little to no disruption of the trial. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1223 (10th Cir. 2000) (listing factors the court should consider when considering whether to modify a final pretrial conference order).

### C.  Defendants' Motion to Strike Certain Portions of Sherman D. Goodwin's Trial Testimony

Defendants have moved pursuant to Rule 37 of the Federal Rules of Civil Procedure to strike portions of Plaintiff's trial testimony, arguing that Plaintiff failed to supplement his discovery response to disclose how he allegedly sustained an injury. Specifically, Defendants contend that Plaintiff was required to supplement his discovery response with regard to how he sustained injury to his back pursuant to Rule 26(e). In response to Defendants' interrogatory asking Plaintiff to describe how he injured his back, Plaintiff responded, in part, that his "lower back ad neck were injured from the tension and the way [he] twisted during the collision with the TONI SEA." [DE-96-1]. At trial, however, Plaintiff testified that he felt pain all the way down

8

his spine when he reached for the horn just prior to the collision with the TONI SEA. On cross-examination, Plaintiff testified that just three days prior, as he was lying in bed, "it just popped in – popped to my head" that he experienced the pain when he reached for the horn. In response to the motion to strike, Plaintiff argues that Defendants failed to preserve their objection to testimony presented at trial, and therefore the motion is untimely.

The court finds Plaintiff's arguments regarding the timeliness of Defendants' objection, which is based on Rule 37(c) to be misplaced. The court also agrees with Defendants that Plaintiff failed to supplement his discovery response in accordance with Rule 26(e).

Rule 37(c)(1) provides a self-executing sanction where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). This failure to provide information under Rule 26 includes the failure to supplement the written response to an interrogatory. *See id.* Furthermore, "sanctions may be imposed even for negligent failures to provide discovery." *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1343 (9th Cir. 1985). Where a party fails to properly supplement its responses as required by Rule 26(e), that party faces the automatic sanctions of Rule 37(c)(1) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) or (e) violation is justified or harmless is entrusted to the broad discretion of the district court." *Reed v. Washington Area Metro. Transit Auth.*, No. 1:14CV65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014). The party facing sanctions bears the burden of establishing justifiability or harmlessness. *Carr v. Deeds,* 453 F.3d 593, 602 (4th Cir. 2006), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam).

District courts in this Circuit generally follow a five-factor test in determining whether nondisclosure of evidence is harmless or substantially justified. *See S. States Rack & Fixture*, 318 F.3d at 596-97. Those factors are

1. the surprise to the party against whom the evidence would be offered;
2. the ability of that party to cure the surprise;
3. the extent to which allowing the evidence would disrupt the trial;
4. the importance of the evidence; and
5. the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 597. The first four factors relate primarily to harmlessness, while the latter relates primarily to justifiability. *Id.* The court need not consider all of the factors in reaching a conclusion on harmlessness and justifiability. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011). The court agrees with Defendants' arguments that Plaintiff's last-minute revelation, revealed for the first time on the stand at trial, unduly surprises Defendants such that it cannot be deemed harmless. *See* Def.'s Mot. to Strike [DE-96] at 5-7. Nor does the court find the fact that Plaintiff's theory just "popped" into his head three days prior to his testimony to constitute substantial justification.

Consequently, the court is required to exclude the portions of Plaintiff's trial testimony wherein he discloses his new theory that he was injured when he reached for the horn. Defendant's Motion [DE-96] is ALLOWED.

### D.     Defendants' Motion for Costs

Defendants also move for an award of costs incurred by the continuance of the remainder of the bench trial in this matter. In an order filed on November 21, 2014 [DE-98], the court allowed Plaintiff motion to continue [DE-97] the reconvening of the bench trial on the basis of his physician's recommendation that he have lumbar surgery and restrict his traveling.

10

Defendants contend that due to the last minute continuation of the trial in this matter, they have incurred $3,000 in costs from an opinion witness who could not salvage his schedule. Defendants asked Plaintiff to reimburse those costs, and Plaintiff declined. Defendants now ask the court to exercise its inherent authority and award them those costs. Plaintiff opposes Defendants' motion, arguing that opinion witness fees cannot be taxed in excess of the attendance fees provided for in 28 U.S.C. § 1821.

The court agrees with Defendants that § 1821 does not govern this issue; nevertheless, the court declines to exercise its inherent discretion to award Defendants costs in the amount of the cancellation fee of their opinion witness.

### E. Motion to Reopen Discovery

When the court continued this matter, it indicated that the parties would be permitted to move, if necessary, for a limited reopening of discovery related to the anticipated surgery of Plaintiff. The court also directed Plaintiff to provide Defendants with the new medical records of Plaintiff.

Defendants now move to reopen discovery, requesting that discovery be reopened for the limited purpose of allowing Defendants to secure supplemental medical records and radiology associated with Plaintiff's physical condition and medical treatment since the recess of the trial on November 7, 2014, and to the extent the necessary for Defendants to depose or otherwise discover the testimony of any witnesses related to or based upon the Plaintiff's physical condition and medical treatment since the trial recessed. Plaintiffs agree that discovery should be reopened, but disagree that discovery should be limited only to Defendants, arguing that to do so would be inequitable. Plaintiff also argues that if Defendants' designated medical opinion witness is

11

Case 4:13-cv-00199-F   Document 110   Filed 02/11/15   Page 11 of 13

provided additional medical records pertaining to the surgery, Defendants should be required to supplement his report and make him available for deposition.

The court agrees with Defendants that Plaintiff does not need to utilize the discovery process in order to discuss his medical condition with his own treating physicians. Moreover, although Plaintiff is entitled to a supplementary report from Defendants' opinion witness should the witness consider the new medical records, the court agrees that Plaintiff may not now depose the witness after having declined to do so earlier.

Accordingly, Defendants' Motion to Reopen Discovery [DE-107] is ALLOWED, and discovery is reopened for the limited purpose of:

> (1) allowing Defendants to secure supplemental medical records and radiology associated with Plaintiff's physical condition and medical treatment since the recess of the trial on November 7, 2014, and

> (2) to the extent necessary, for Defendants to depose or otherwise discover the testimony of any witnesses related or based upon the Plaintiff's physical condition and medical treatment since the trial recessed.

All additional discovery permitted by this order shall be concluded by March 2, 2015, without prejudice to the parties to move for additional time to conduct such discovery if necessary.

## II. CONCLUSION

For the foregoing reasons:

(1) Defendants' Motion to Strike [DE-91] is ALLOWED in part. Dr. Neulicht is precluded from testifying at trial to the new matters contained in her October 30, 2014, report. Defendants are entitled to the reasonable expenses, including attorney's fees, they incurred in

12

filing the motion to strike [DE-91]. Defendants shall file an affidavit, within 21 days of this order, setting out the expenses it incurred in filing the motion to strike [DE-91].

(2) Plaintiff's Second Motion to Amend the Pretrial Order [DE-93] is ALLOWED, and the Pretrial Order is amended to include the Mr. Yeomans' statement of September 7, 2010;

(3) Defendants' Motion to Strike Certain Portions of Sherman Goodwin's Trial Testimony [DE-96] is ALLOWED;

(4) Defendants' Motion for Costs Associated with the Continuance of Trial [DE-102] is DENIED; and

(5) Defendants' Motion to Reopen Discovery [DE-107] is ALLOWED, and the limited discovery allowed by this order shall be completed on or before March 2, 2015.

SO ORDERED.

This the 11th day of February, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge